IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEZZMOND HARRIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | NO. 3:19-cv-00988 |
| UNITED STATES OF AMERICA, | ) ) | JUDGE CAMPBELL |
| Respondent. | ) ) | |

## MEMORANDUM

Pending before the Court is Petitioner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), the Government's Response (Doc. No. 7). For the reasons stated below, Petitioner's Motion will be denied.

### I. Petitioner's Criminal Proceedings

In 2019, Petitioner was indicted for one count of being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1 in Case No. 3:19-cr-00001). On April 23, 2019, Petitioner pled guilty to Count 1 pursuant to a plea agreement with the Government. (Doc. Nos. 20, 30 in Case No. 3:19-cr-00001). The plea petition stated, in relevant part, that Petitioner understood the maximum incarceration sentence for the offense to which he was pleading guilty to is ten years and that, if it were found that he had three previous convictions for either a violent felony or serious drug offense, then he would be subject to a mandatory minimum term of 15 years' imprisonment. (Doc. No. 20 at PageID# 32 in Case No. 3:19-cr-00001). Petitioner acknowledged that the Court would consider the United States Sentencing Guidelines ("U.S.S.G.") in fashioning its sentence and that the guidelines were estimated by his attorney but that the Court would make the final Guideline calculation. (*Id*. at PageID# 33). Finally,

he acknowledged that "[n]o officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below." (*Id*. at PageID# 34). Paragraph 13 referenced the attached plea agreement under the provisions of Fed. R. Crim. P. 11. The attached plea agreement stated that Petitioner would enter a voluntary plea to one count of Possession of a Firearm by a Convicted Felon. (*Id*. at PageID# 38). The plea agreement also stated that Petitioner understood the maximum incarceration penalty for this offense, and explicitly listed it as 10 years imprisonment. (*Id*. at PageID# 39).

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the plea agreement stated the parties' joint recommendation as to the U.S.S.G., agreeing to a recommended advisory sentencing range of 37-46 months. (*Id*. at PageID# 43). In the agreement, Petitioner agreed that he understood that the offense level under the U.S.S.G. would ultimately be determined by the Court, and that the "court determined" offense level may be different than the one recommended in the plea agreement. (*Id*.). More specifically, Petitioner agreed that he was "aware that the Recommended Guidelines Range is a prediction, not a promise, and is not binding on the Probation Officer or the Court." (*Id*. at PageID# 44). Petitioner agreed that should the Court not accept the recommended guideline range, that he would have no right to withdraw his guilty plea. (*Id*.).

The plea agreement set forth that the government would recommend a sentence of 37 months. (*Id*.). Petitioner agreed he understood "that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above." (*Id*.). He further acknowledged that "[n]o promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all parties …." (*Id*. at PageID# 48). Petitioner

2

signed the agreement, directly under the following acknowledgment statement: "I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it." (*Id*.).

At the guilty plea hearing, this Court conducted a colloquy pursuant to Fed. R. Crim. P. 11(b) ("Rule 11 colloquy"). (Doc. No. 30 at PageID# 84 – 98 in Case No. 3:19-cr-00001). The Court stated the maximum penalty to Petitioner, who acknowledged his understanding of same. (*Id*. at PageID# 87). After inquiring that the plea agreement was a "B" agreement, this Court asked "[n]ow, do you understand that despite any shared recommendations, no one can guarantee you what sentence you'll get from the Court?" Petitioner replied, "Yes, sir." (*Id*. at PageID# 89). The Court further explained the U.S.S.G. and that the plea agreement was an estimation not the final determination thereof. (*Id*.) The Court further acknowledged on record the agreement for a recommended sentence at the low end of the recommended guideline range and that paragraph 13 of the plea agreement acknowledged that the Court could impose the maximum penalty. (*Id*. at PageID# 92). Petitioner further stated that no one pressured him to plead guilty or made any promises "other than what's in the plea agreement." (*Id*. at PageID# 94). After this colloquy, Petitioner pled guilty and this Court accepted the plea. (*Id*. at PageID# 98- 99).

In preparation for the sentencing hearing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR"), which calculated the advisory guideline range to be 46-57 months' imprisonment. (Oct. 31, 2019, PSR, at ¶¶ 65, 66). Neither party objected to the calculation of this range. (Doc. Nos. 22, 24 in Case No. 3:19-cr-00001). Prior to the sentencing hearing, the

3

Government and Petitioner filed sentencing memorandums both recommending a sentence of 37 months' incarceration. (Doc. Nos. 23, 25 in Case No. 3:19-cr-00001).

At the sentencing hearing, the Court accepted the unobjected-to PSR, including its advisory guideline range. (Sentencing Transcript, Doc. No. 31 at Page #107 in Case No. 3:19-cr-00001). Both parties asked the Court to sentence Petitioner to 37 months' imprisonment. (*Id*. at PageID# 112-115). The Court accepted the agreed upon recommendation and sentenced Petitioner to 37 months' imprisonment, a 9-month variance below the guideline range. (*Id*. at PageID# 118). At the end of the hearing, the Court asked if there was anything further, and Petitioner's attorney (in the presence of Petitioner) stated there was not and Petitioner himself thanked the Court. (*Id*. at PageID# 130). At no point during the sentencing hearing did Petitioner express surprise at the 37-month sentence, claim that he had been told he would receive a much shorter sentence, or ask to withdraw his guilty plea. Petitioner now seeks to vacate his sentence.

## II. Analysis

### A. Section 2255 Proceedings

Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855,

858 (6th Cir. 2005). If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (citation omitted).

Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because the record conclusively shows that Petitioner is not entitled to relief.

**B. Petitioner's Claims**

Through his pending motion, Petitioner asserts the following claims: (1) he received ineffective assistance of counsel; (2) the Court lacks jurisdiction; and (3) his crime does not qualify as a crime of violence.

1. Ineffective Assistance of Counsel

Petitioner claims that his attorney told him that he would receive a sentence of only three months imprisonment. In order to prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the deficiency was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A court deciding an ineffective assistance claim does not need to address both requirements if the petitioner makes an insufficient showing on one. *Id*. at 697.

Here, Petitioner has not established any plausible basis to believe that his attorney promised him that he would receive a sentence of only three months. Rather, as the Government notes, at the plea colloquy, Petitioner stated under oath that no promises had been made to him other than what was contained in the plea agreement, and that the Court was free to impose any sentence of up to ten years' imprisonment. Where, as here, a Court follows the Rule 11 colloquy procedures, absent an allegation of threat or coercion, defendants are bound by their averments in the colloquy. *See Baker v. United States*, 781 F.2d 85 (6th Cir. 1986); *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (holding that a guilty plea colloquy cures any potential misleading information by defense counsel, denying a § 2255 claim on inconsistent information). Petitioner's failure to request to withdraw his guilty plea when his attorney requested a sentence of 37 months' imprisonment or when the Court imposed that sentence, despite the multiple opportunities to address the Court, also demonstrates that no promise existed. As does Petitioner's three-month delay in filing his pending motion. Petitioner's first claim amount to dissatisfaction with the sentence that he previously agreed to, which is insufficient to state any type of claim for relief in a Section 2255 motion.

    2. <u>Lack of Jurisdiction</u>

Petitioner argues that the United States Court system has no jurisdiction over him because of his race, citing *Dred Scott v. Sandford*, 60 U.S. 393 (1857). In its response, the Government correctly notes that *Dred Scott* is not good law and submits that the Court has subject matter jurisdiction over Petitioner because his crime, Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g), is a valid offense against the United States and was committed within the United States district in which it was prosecuted. 18 U.S.C. § 3231; U.S. Const. Art. III § 2.

3. Crime of Violence

Petitioner seeks relief on the basis that his crime not qualifying as a crime of violence. To the extent Petitioner is referring to recent case law limiting the scope of predicate offenses that qualify as crimes of violence for purposes of 18 U.S.C. § 924(c), *see United States v. Davis*, 139 S. Ct. 2319 (2019) (striking down § 924(c)(3)(B) as unconstitutionally vague), Petitioner not convicted under § 924(c), and did not receive any analogous sentencing enhancements under the Armed Career Criminal Act. As the Government notes, the crime Petitioner pleaded guilty to, 18 U.S.C. § 922(g), does not require a showing that the offense was violent. Thus, Petitioner's third claim is without merit.

### III. Conclusion

For the reasons set forth above, the Court concludes Petitioner's request for Section 2255 relief should be denied.

If Petitioner gives timely notice of an appeal from the Court's Memorandum and Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States*, 310 F.3d 900 (6th Cir. 2002).

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE